IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WADE BELL,

                        Petitioner,

    v.

ATTORNEY GENERAL OF THE
STATE OF WISCONSIN,

                        Respondent.

ORDER

15-cv-649-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On November 30, 2015, this court issued an order directing petitioner Wade Bell to file a revised petition for a writ of habeas corpus and to specify the conviction or sentence he is challenging and the reasons he thinks he is in custody in violation of the laws or Constitution of the United States. Petitioner has complied with that order and submitted a revised petition in which he makes it clear that he is challenging the revocation of his extended supervision in Marathon County Case 04CF800. Dkt. ## 6, 7. From the petition, it appears that petitioner's release on extended supervision was revoked on or about June 8, 2015. According to petitioner, his re-confinement after revocation violates the Fifth Amendment's double jeopardy clause because his term of extended supervision had expired approximately four years earlier, in May 2011. Dkt. #6, at 2.

       Petitioner asserts that he presented this claim to the state court by filing motions in the state circuit court for sentence modification and for a writ of certiorari challenging the

1

revocation decision.  Dkt. #6, at 2.  According to petitioner, his motion for sentence modification was denied on October 30, 2015 and he did not file an appeal.  His petition for a writ of certiorari still has not been heard by the circuit court.

Although petitioner states a valid constitutional claim, his petition must be dismissed because he has not exhausted his state court remedies.  A state prisoner seeking habeas relief from the federal court must first "exhaust[ ] the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  Principles of comity require that the habeas petitioner present his federal constitutional claims initially to the state courts in order to give the state the "'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'"  Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted)).  Claims are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims or when state remedies no longer remain available to the petitioner.  Engle v. Isaac, 456 U.S. 107, 125 n. 28, 1570 n. 28 (1982); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.").

State court remedies remain available to petitioner.  The possibility exists that the Circuit Court for Marathon County will grant him relief on his certiorari petition.  If it does not, then petitioner has the right to appeal that decision to the Wisconsin Court of Appeals, and, if he is unsuccessful, to the Wisconsin Supreme Court.  Although I understand that petitioner is frustrated by the circuit court's failure to rule on his certiorari petition, he

cannot opt out of state court and come to federal court simply because he is not happy with the delay or the results. Instead, he must allow the state courts the opportunity to rule on his claims. This means that he must wait until the circuit court rules on his certiorari petition and then take the steps necessary to appeal that decision to the state appellate court and state supreme court. Only after he has completed these steps may he file a petition for federal habeas relief. Accordingly, his petition must be dismissed without prejudice to his refiling it after he has exhausted completely his state court remedies.

Petitioner is not entitled to a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases. When a district court dismisses a habeas petition based on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604 (2000) (emphasis added). Jurists of reason would not debate the conclusion that petitioner has failed to satisfy the exhaustion requirement in light of his admission that he has not received a ruling from the circuit court on his certiorari petition.

ORDER

IT IS ORDERED that the petition of Wade Bell for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies.

Entered this 4th day of February, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge